NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-3285 and 12-3367
_____

TAE IN KIM;
DAVID D. KIM,
individually and on behalf of all others similarly situated

v.

DONGBU TOUR & TRAVEL, INC;
KYU SUNG CHO,

Appellants

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-01136)
District Judge:  Hon. William H. Walls

_____

Submitted under Third Circuit LAR 34.1(a)
June 14, 2013

Before:  McKEE, Chief Judge, and AMBRO and GREENBERG, Circuit Judges

(Filed: June 19, 2013)

_____

OPINION OF THE COURT
_____


GREENBERG, Circuit Judge

This matter comes on before this Court on consolidated appeals brought by Dongbu Tour & Travel, Inc. and Kyu Sung Cho, its president (together called "Dongbu") from orders in this action that Tae In Kim and David D. Kim, who claim to be Dongbu's employees, initiated in the District Court under the Fair Labor Standards Act and the New Jersey Wage and Hour Law. The Kims are attempting to bring the case as a class action to include other individuals similarly situated to them.

The appeals are from two orders.[1] The first order from which Dongbu appeals was entered on July 23, 2012, and denied the Kims' motion for a preliminary injunction in which they sought an order restraining Dongbu from retaliating against them for bringing this action. Though the Kims did not appeal from the July 23, 2012 order, that order included a provision from which Dongbu appeals prohibiting the parties from communicating with members of the putative class that the Kims seek to represent until the resolution of class certification issues. Dongbu's appeal from the July 23, 2012 order is docketed as No. 12-3367. The second order from which Dongbu appeals is an order of July 25, 2012, denying Dongbu's motion to require that the Kims' claims be submitted to arbitration. This appeal is docketed as No. 12-3285.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1367 and 29 U.S.C. § 216(b), and we have jurisdiction over the appeal in No. 12-3285 under 9 U.S.C. § 16(a). Dongbu claims that we have jurisdiction in No. 12-3367 under 28 U.S.C. § 1292(a), but we reject this contention. We are exercising plenary review on this appeal. See Guidotti v. Legal Helpers Debt Resolution, L.L.C., No. 12-1170, ____ F.3d ____, ____, 2013 WL 2302324, at *5 (3d Cir. May 28, 2013).

The background of the case is as follows. The Kims were tour guides working in the Korean tour business. There is a substantial tour business in the United States catering to Koreans, including both individuals who reside in Korea and individuals of Korean background who reside in the United States. It appears that tour companies catering to Koreans seek to engage guides with Korean backgrounds to conduct their tours and we draw an inference from the Kims' surnames that they are of that background. Dongbu, evidently aware of federal and state laws which in various ways regulate employer-employee relationships in the interest of protecting employees' rights, desired to obtain the Kims' services on an independent contractor basis, a not uncommon practice among employers who attempt to circumvent such employee protection laws.

Dongbu, in furtherance of its attempt to employ the Kims on an independent contractor basis, sought to have the Kims form businesses which Dongbu intended would be deemed to be the Kims' employers, to the end that Dongbu could contract for the Kims' services through the businesses rather than directly with the Kims. Thus, in its brief Dongbu sets forth that "Tae In Kim and David D. Kim are employees of X Golf, Inc. (X Golf) and DDK NY, Corp. (DDK NY), respectively . . . ." Appellants' br. at 35-36.[2] Dongbu, however, did not sign agreements with the Kims' businesses. Rather, in an attempt to separate itself still further from the Kims, Dongbu sought to have the Kims'

_____

[2] Sometimes on this appeal Dongbu seems to refer to DDK NY as a corporation but at other times it seems to regard it as an unincorporated entity. The distinction is not material to us on this appeal.

3

companies sign what are entitled independent contractor agreements with Guide USA Inc., an entity that Dongbu describes as a "tour guide management company through which [the Kims] worked as tour guides on tour programs operated by Dongbu." Appellants' br. at 24. The agreement between DDK NY, David Kim's company, and Guide USA contained an arbitration provision providing a procedure for the resolution of disputes between David Kim and Guide USA. But neither Dongbu nor Tae In Kim was a party to that agreement. Inasmuch as Tae In Kim did not sign an agreement with Guide USA and he, like David Kim, did not sign a contract with Dongbu, Dongbu never has been able to produce in this litigation an agreement in which Tae In Kim agreed in writing to any provision material to Dongbu's demand for arbitration.

Notwithstanding Dongbu's attempt to classify the Kims as independent contractors with respect to their relationships with Dongbu, the Kims brought this action against Dongbu claiming to be Dongbu's employees under the Fair Labor Standards Act and the New Jersey Wage and Hour Law. The Kims advance substantive claims that we need not describe in further detail asserting that they were not paid in full for the services they rendered to Dongbu. Dongbu moved on April 4, 2012, under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint, and then, after the Court denied its motion on June 6, 2012, Dongbu answered the complaint on June 28, 2012, without raising an arbitration defense.

The Kims by bringing this case hit a raw nerve with Dongbu, which wrote other tour companies about the litigation in a letter dated March 1, 2012. The Kims viewed the

4

letter as an act of unlawful retaliation against them for bringing this action, and consequently they filed a motion in the District Court on March 23, 2012, seeking a preliminary injunction precluding Dongbu from retaliating against them for bringing this case. The District Court held a hearing on the March 23, 2012 motion on July 5, 2012, and then denied the motion by order of July 23, 2012, on the ground that the Kims could not show that there was a likelihood that they would suffer irreparable injury if the Court denied their motion. The Court, however, entered an order on July 23, 2012, though none of the parties had sought that order, that "temporarily enjoined [all the parties] from communicating directly with any member of the putative collective action about this case" until class certification issues are resolved and a notification plan is approved. App. at 684.

At the July 5, 2012 hearing in the District Court Dongbu moved to have the Kims' claims sent to arbitration, the first time that it raised a defense that the Kims agreed to arbitrate their claims in this case. Though the Kims and Dongbu were not joint parties to any arbitration agreement, Dongbu claims to be a third-party beneficiary of the agreement between David Kim and Guide USA to which it claims Tae In Kim also adhered, at least with respect to its provision for arbitration of disputes. The District Court denied this motion by order of July 25, 2012, and subsequently denied Dongbu's motion for reconsideration of that order.

As we have indicated, Dongbu has filed two appeals. First, Dongbu has appealed from the order of July 25, 2012, denying Dongbu's demand that the dispute be arbitrated.

5

Next Dongbu has appealed from the order of July 23, 2012, enjoining the parties from communicating with class members until resolution of class certification issues. On November 7, 2012, Dongbu moved in this Court to stay all further proceedings in the District Court, and on November 27, 2012, we granted that motion under Fed. R. App. P. 8.

The parties raise four issues on this appeal in one or both of their briefs. The first issue which only Dongbu discusses is whether after Dongbu appealed from the order denying its motion seeking an order requiring that the parties' disputes be resolved in an arbitration proceeding, the proceedings in the case could continue in the District Court or whether the proceedings in that Court automatically were stayed pending disposition of the appeal. In this regard we point out that ordinarily an appeal from an order denying a motion for arbitration divests a district court of jurisdiction over the action that a party seeks to have submitted to arbitration, and thus the appeal automatically stays proceedings in the district court. See Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007). But the appeal will not stay the district court proceedings if it is "frivolous or forfeited." Id. Dongbu has raised the question of whether a court of appeals or a district court decides if the appeal is frivolous for jurisdictional purposes following an appeal from an order denying a motion seeking an order requiring that a

6

case be submitted to arbitration, its contention being that a court of appeals should decide that question. For the reasons that we will set forth, we do not decide this issue.[3]

The second of the four issues is whether under Rule 12(b)(6) the District Court should have granted the motion to dismiss, but we do not reach this issue on the merits either as we do not have jurisdiction at this time over the appeal from the order denying the motion. The third and fourth issues are whether the District Court should have ordered the case to be submitted to arbitration and whether the District Court should have entered the July 23, 2012 order precluding the parties from having communications with members of the class that the Kims seek to represent. We will decide the third issue on the merits but will dismiss the appeal from the July 23, 2012 order as we do not have jurisdiction over the appeal from that order.

We deal first with the appeal from the order of July 23, 2012, i.e., the order over which Dongbu contends that we have jurisdiction under 28 U.S.C. § 1292(a)(1). In Cohen v. Board of Trustees, 867 F.2d 1455, 1465 (3d Cir. 1989), we explained that "an injunction for purposes of [an appeal pursuant to 28 U.S.C. §] 1292(a)(1) . . . must . . . adjudicate some of the relief sought in the complaint." The July 23, 2012 order, though reciting that the Court has "enjoined" the parties from engaging in certain communications, does not address any aspect of the relief that the Kims seek in the

---

[3] When we granted the stay under Fed. R. App. 8 we did not address the "frivolous or forfeited" jurisdictional question.

complaint. It is strictly a case management order, and thus we will dismiss the appeal from that order.[4]

Similarly, we do not consider on the merits the appeal from the denial of Dongbu's motion under Rule 12(b)(6) to dismiss the complaint, as we can decide the question of whether there should be arbitration in this case without addressing the motion to dismiss and the District Court's order denying the motion is not in itself appealable at this time. We also do not decide definitively whether a district court or a court of appeals decides whether an appeal is frivolous so that the filing of the appeal does not divest the district court of jurisdiction over proceedings in the pending action in which arbitration is sought. We see no reason to decide that question because we are holding that the District Court correctly denied the order seeking arbitration, and this case will continue in the District Court after we file this opinion and remand the case to that Court. After the remand, the District Court will have jurisdiction over the case and can make all appropriate orders and, if necessary, revisit orders that it already has entered. See Fed. R. Civ. P. 54(b).

Finally, we reach the appeal from the order of July 25, 2012, denying the motion for arbitration on the merits and will affirm that order for the following reasons.[5]

---

[4] We realize that the Kims do not contend that we do not have jurisdiction over the appeal from the July 23, 2012 order, but we are obliged to consider the jurisdictional issue on our own initiative. See Three Keys Ltd. v. SR Utility Holding Co., 540 F.3d 220, 225 (3d Cir. 2008). Of course, the procedural circumstance that the District Court entered the order at a time that it was considering the Kims' motion for a preliminary injunction did not somehow convert the case management order into an appealable injunctive order.

8

Dongbu correctly claims that in some cases a third-party beneficiary of a contract can enforce an arbitration clause in the contract included for its benefit even though it did not sign the contract.  See E.I. DuPont De Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 195 (3d Cir. 2001).  Certainly this is so in collective bargaining agreements.  But Dongbu has not produced any agreement that Tae In Kim signed containing an arbitration clause.  Indeed, in its opening brief Dongbu says "[a]lthough Appellants are without a copy of the Independent Contractor agreement which may have been signed by X Golf, Inc. (the direct employer of Tae In Kim), Guide USA believes that it was signed and in any event Guide USA received Tae In Kim's verbal assent to the same Independent Contractor agreement as DKK NY's version quoted above."  Appellants' br. at 23.

Dongbu's claim that Tae In Kim agreed to arbitrate any dispute that he might have with Dongbu is devoid of any possible merit, as the District Court plainly believed, because Dongbu wants us to require him to arbitrate his claims pursuant to an arbitration clause contained in a contract that it cannot show that he executed or to which he is not a party on the theory that he orally agreed to be bound by that contract.  We find it extraordinary that Dongbu's support for its contention that Tae In Kim is bound by his

---

[5] In its brief Dongbu asserts that "the district court erred as a matter of law in failing to order arbitration where the [Kims] admittedly executed arbitration covenants relating to their compensation dispute they brought against [Dongbu]."  Appellants' br. at 3.  In fact, however, the Kims deny that they executed any such covenants, as David Kim, who did execute an agreement providing for arbitration with Guide USA certainly denies that the agreement somehow obligated him to arbitrate this dispute with Dongbu.

9

alleged consent to such agreement is an allegation in the Kims' complaint that they were "required to sign form contracts with Dongbu but are actually Dongbu's employees as a matter of law." Appellants' br. at 23-24. Yet the contract that David Kim signed was not with Dongbu, it was with Guide USA and even if Tae In Kim had adhered to the arbitration clause in the contract, he would not have been agreeing to arbitrate any dispute with Dongbu. The fact is that insofar as the record on this appeal shows neither Kim signed any agreement with Dongbu. In these circumstances Tae In Kim – who Dongbu does not show ever signed any agreement with Dongbu, Guide USA, DDK NY, or X Golf that contained an arbitration clause, and, indeed, did not sign any agreement at all with any of these entities – under any conceivable view of the record and the law, cannot be compelled to arbitrate his claim against Dongbu.

We also point out that there is no provision in his agreement with Guide USA that David Kim signed that could be deemed as having granted third-party beneficiary rights to Dongbu to enforce any provision in the agreement, and thus he cannot be compelled to arbitrate this dispute. The closest such provision would be one dealing with assignments that provides that "[Guide USA] may freely assign this Agreement, in whole or in part . . . . This Agreement shall be binding upon and inure to the benefit of the parties' successors and assigns." App. at 745. But there is no suggestion in the briefs that Guide USA assigned the contract to Dongbu or anyone else. Overall, though as we already have explained, we do not reach the question that Dongbu raises with regard to determining whether a district court or a court of appeals decides if an appeal is frivolous

10

for jurisdictional purposes under Ehleiter, it is obvious that this appeal from the order denying arbitration in this case is completely without merit.[6]

But there is even a further reason to affirm the order denying arbitration for if Dongbu could demonstrate that it had a right to submit the Kims' claims to arbitration, taking the "case specific" approach that our cases indicate is appropriate, Dongbu waived any right that it might have had to seek to have the Kims' claims submitted to arbitration. See Gray Holdco, Inc. v. Cassady, 654 F.3d 444, 451 (3d Cir. 2011). As we indicated above, Dongbu without mentioning arbitration moved to dismiss the complaint, a step that sometimes in itself indicates that if the moving party had a right to have a dispute submitted to arbitration it has waived that right. See Ritzel Commc'ns, Inc. v. Mid-American Cellular Tel. Co., 989 F.2d 966, 969-70 (8th Cir. 1993). Dongbu first raised arbitration as a defense in this case on July 5, 2012, at the hearing on the Kims' application for a preliminary injunction after the District Court earlier had denied Dongbu's motion to dismiss the case on the merits. Thus, significant resources were expended before Dongbu moved for an order sending the case to arbitration because both the District Court and the Kims needed to prepare for and participate in the hearing of

---

[6] We would reach this conclusion under any possible standard that could be applicable. See Guidotti v. Legal Helpers Debt Resolution, L.L.C, No. 12-1170, ____ F.3d ____, ____, 2013 WL 2302324, at *5 (3d Cir. May 28, 2013).

11

July 5, 2012, and both the Court and the Kims engaged in the other proceedings in this case before that day that we have described.[7]

Furthermore, Dongbu is continuing to act inconsistently with its contention that this case should be submitted to arbitration. See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc., 660 F.3d 988, 995-96 (7th Cir. 2011); see also Ritzel, 989 F.2d at 969; St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., 969 F.2d 585, 589 (7th Cir. 1992). In this regard, Dongbu sets forth the three issues that it believes are being presented on this appeal, one of which is "[w]hether the district court erred in failing to dismiss [a]ppellees' complaint because the complaint failed to state a plausible claim for relief." Appellants' br. at 3. Dongbu sets forth this issue after it claims that the District Court erred in not ordering arbitration. It is therefore perfectly clear that Dongbu seeks to have this case arbitrated only if it cannot win it by motion in the District Court or this Court. It is also significant that Dongbu filed an amended answer on July 19, 2012, in the District Court which included a counterclaim seeking damages against the Kims, a step hardly consistent with a request for the submission of the case to arbitration.

---

[7] We realize that Dongbu contends that it did not have the agreement between DDK NY or David Kim and Guide USA until shortly before the July 5, 2012 hearing and thus was unaware of the arbitration clause in that agreement. Thus, in its reply brief Dongbu asserts that "it was not until shortly before the preliminary injunction hearing that Appellants obtained a copy of one of the Independent Contractor agreements between plaintiffs and Guide USA, i.e., that was signed by plaintiff David Kim." Appellants' rep. br. at 5. That circumstance is immaterial as surely it was Dongbu's burden to be aware of contracts that it claims included provisions for its benefit.

We mention one final point. In its brief Dongbu contends that the "district court's views are fixed and therefore, on remand, the case should be reassigned to a new judge . . . ." Appellants' br. at 54. We see no basis to make such a reassignment and thus we will deny that request.

For the foregoing reasons, we will dismiss the appeal at No. 12-3367 from the order of July 23, 2012, and will affirm the order of July 25, 2012, denying Dongbu's motion seeking arbitration of this dispute.[8]

---

[8] Our opinion should not be overread. We decide only one substantive issue on this appeal, which is that, regardless of the legal characterization of the relationship between the Kims and Dongbu, this case will not be submitted to arbitration. Thus, we are not determining whether the Kims were employees of Dongbu or whether their claims against Dongbu are meritorious.